# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2011

Lyle W. Cayce
Clerk

No. 10-20308
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMIAH DEWAYNE ARNOLD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-367-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeremiah Dewayne Arnold was convicted of use of a firearm during a bank robbery. *See* 18 U.S.C. § 924(c). Arnold was sentenced to the mandatory minimum of 25 years of imprisonment. *See* § 924(c)(1)(C)(i). Arnold argues that the district court erred in not allowing him to withdraw his guilty plea. He contends that his plea was involuntary because he did not have the close assistance of his retained counsel during the guilty plea stage of the proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arnold asserts that he is innocent because he committed the bank robbery under duress.

In denying Arnold's motion to withdraw his guilty plea, the district court considered all of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Arnold has not demonstrated that the district court erred in failing to find that the totality of the *Carr* factors weighed in favor of allowing him to withdraw his guilty plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The district court's admonishments to Arnold's previous lawyer regarding the quality of his representation demonstrate that the lack of the close assistance of counsel was the *Carr* factor that weighed most heavily in Arnold's favor. *See Carr*, 740 F.2d at 343-44. The district court also specifically found that the factors regarding Arnold's delay in filing the motion, inconvenience to the court, and any waste of judicial resources did not weigh against Arnold. *See id*. at 344. On the other hand, the district court rejected Arnold's late claim of a duress defense, which was based upon the allegation that the other individual in this robbery forced him to participate. Given that Arnold had robbed four other banks with this individual and that Arnold never mentioned the duress claim during his initial interviews with police officials, the district court did not err in concluding that Arnold's duress claim failed to establish his innocence of the offense. *See id*.; *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998); *Carr*, 740 F.2d at 343-44. Also, despite retained counsel's admittedly lackadaisical attitude, the district court correctly noted that he obtained a good deal for Arnold in connection with his plea agreement.

Arnold has also failed to establish that his plea was unknowing and involuntary. *See United States v. Brady*, 397 U.S. 742, 748 (1970); *Carr*, 740 F.2d at 344. Nor can Arnold show that after two and a half years, withdrawal of his plea would not prejudice the Government. *See Carr*, 740 F.2d at 344. Considering the totality of the *Carr* factors, Arnold has not demonstrated that the district court erred in concluding that he had not shown "a fair and just

reason" for withdrawing his guilty plea. *See Powell*, 354 F.3d at 370. Accordingly, the district court did not abuse its discretion in denying Arnold's motion to withdraw his plea of guilty. *See id.*    AFFIRMED.